Name: Russell J Terry

Address: 1717 N Street NW STE 1

Washington, DC 20036

Phone number: 720-603-1872

Plaintiff in Pro Per

FILED
CLERK, U.S. DISTRICT COURT
DEC 20 2023
CENTRAL DISTRICT OF CALIFORNIA
BY: _____rsm_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Russell J Terry, <br>       Plaintiff, <br>   vs. <br> Apex Systems, LLC, AT&T, DirecTV, LLC, Mehak Delawalla, Kim Chu, John Goulding, Oscar Montoya, Ian Hafkenschiel, Daniel Salt <br>       Defendants. | Case No.: CV23-7707-FMO(JCx) <br> **Request for Leave to File Fourth Amended Complaint** |

**Request for Leave to File Fourth Amended Complaint**

I, Russell Terry, as the Plaintiff in the above-captioned case, hereby respectfully submit this Request for Leave to Amend my Third Amended Complaint in accordance with Rule 15(a). The necessity for this amendment arises from the fact that the Third Amended Complaint was requested before the Defendants' motions to dismiss dated 11/24 and 12/14. In light of these developments, I seek the opportunity to address the issues raised in both motions to dismiss. Additionally,

this amendment will allow me to introduce new, critical evidence pertinent to the case and provide further clarification of the facts and evidence already presented in the complaint.

**New Evidence**: Three new pieces of evidence were recently acquired that prove fraudulent acts by the defendants that were intentional and malicious.

**Daniel Salt's Fabricated Profile:** The Defense's motion to dismiss provides crucial information regarding Daniel Salt, stating that he is solely employed by Apex Systems, with no employment connections to California. This directly contradicts the LinkedIn profiles presented by Defendant Mehak Delawalla, which inaccurately portray Mr. Salt as an AT&T employee under the supervision of Oscar Montoya in El Segundo, CA. Additionally, these profiles erroneously indicate that Salt held a contract role with Snackpass, a California-based company.

These inconsistencies strongly suggest that Salt's LinkedIn profile was deliberately falsified. Its use was not only to deceive the Plaintiff about his professional affiliations prior to the interview but also seems to have been strategically altered in response to legal proceedings; specifically, following the filing of an Administrative Claim with the FBI by the Plaintiff. Notably, on June 23, 2023, both Daniel Salt and Ian Hafkenschiel made updates to their LinkedIn profiles, now claiming to report directly to Oscar Montoya at DirecTV in El Segundo, CA.

These profile changes and discrepancies raise serious questions about the authenticity of the information provided and point to a possible attempt to mislead or manipulate facts relevant to the case.

**Tracking information of the package sent**: The Plaintiff recently acquired tracking data from Federal Express, shedding light on the shipment orchestrated by John Goulding. On Friday, October 8, 2021, Mr. Goulding personally delivered the package to a Federal Express center in the midafternoon and authorized the

package's release without a signature, a step that contradicts the Federal Express policy that items of value require a signature. Therefore, he intended for the package to be insecure upon delivery.  Under normal circumstances, Fed Ex would have required a signature and if no one was there to receive the package, they would have attempted multiple times, if still unsuccessful they would ship it back to the sender.   But John Goulding wanted the laptop to be insecure.

Additionally, the delivery information discloses that on Monday, October 11, at 8:05 AM Los Angeles time, defendant Mehak Delawalla initiated contact with the Plaintiff, over two hours before the laptop delivery. Her messages, expressing alarm about DirecTV sending a laptop despite her instructions them to hold off on the shipment, indicate she knew the package was shipped when it should not have been shipped, she knew the Plaintiff was in Brazil, not at the Arizona address, and she had the means to stop the delivery by calling FedEx but didn't.

The tracking details further expose a discrepancy in Goulding's employment representation; it shows he is a DirecTV employee, but the package's return label was directed to a nearby AT&T address, not his DirecTV office. This mirrors a similar misrepresentation by Daniel Salt, who also falsely claimed to be an AT&T employee who reported directly to Oscar Montoya.

These findings, coupled with Federal Express's shipping policies, strongly suggest that the shipment was not a routine or accidental occurrence. Instead, it points to a deliberate and malicious intent to harass the Plaintiff and his family, further evidenced by the coordinated actions and timing of the Defendants.

**Implications for Damages**: In light of these new facts, it becomes evident that the defendants' intentions were more malicious and intentional, than originally suspected directly targeting the Plaintiff and his family. The Plaintiff would like to adjust the relief not to limit himself at trail to show compensatory damages greater

than $75,000 to be determined at trail and punitive damages to be determined at trail.

**Clarification of Allegations**: The defense's motion to dismiss significantly mischaracterizes both the allegations and the evidence presented by me, the Plaintiff. Their request for dismissal under Rule 12(b)(6) appears to deviate from the actual substance of my allegations and the supporting evidence. Furthermore, the defense counsel has shown a reluctance to engage in discussions about their misrepresentation or omission of key allegations in their Memorandum. In response, I have meticulously reorganized the claims for fraud in this version of the complaint, ensuring they are presented in a clear and straightforward manner. Moving forward, I am committed to continuously endeavoring to clarify the facts and evidence for the defense counsel.

Given these developments, an amendment to the complaint is necessary to accurately present the current state of facts and provide clarity of the allegations. This amendment is not intended to delay or to cause prejudice to the opposing party but is crucial for the just resolution of this case.

I kindly request the court's permission to file an amended complaint incorporating these significant updates. Attached is a proposed draft of the amended complaint for the court's consideration.

Thank you for your attention to this matter. I look forward to the court's guidance on this request.

Date: December 20, 2023

Russell Terry