Wendy Sugg (SBN 223335)
Sugg Law Group, a Professional Corporation
384 Forest Ave., Suite 15
Laguna Beach, CA 92651
Telephone:(949) 260-9548
Email:     wendy@sugglaw.com

Attorneys for Defendants
Apex Systems, LLC, AT&T Corp.,
DIRECTV, LLC, Mehak Delawalla,
Kim Chu, John Goulding, Ian
Hafkenschiel and Daniel Salt

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Russell J Terry<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Apex Systems, Inc., AT&T, DirectTV, Mehak Delawalla, Kim Chu, John Goulding, Oscar Montoya, Ian Hafkenschiel, Daniel Salt<br><br>　　　　Defendants. | Case No. 2:23-cv-07707-FMO (JCx)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT** |

Defendants Apex Systems, LLC (incorrectly named as Apex Systems, Inc.), AT&T Corp., DIRECTV, LLC, Mehak Delawalla, Kim Chu, John Goulding, Ian Hafkenschiel and Daniel Salt ("Defendants") oppose Plaintiff's Request for Leave to File Fourth Amended Complaint.

Plaintiff's request is procedurally improper and incomplete. Plaintiff fails make his request by noticed motion and fails to include a proposed Fourth Amended Complaint with his request. C.D. Local Rule 15-1 ("Any proposed amended pleading must be filed as an attachment to the related motion or stipulation."); C.D. Local Rule 7-12 ("The failure to file any required document … may be deemed consent to the … denial of the motion"). Plaintiff also fails to meet the requirements of this Court's Standing Order, because he does not identify the proposed changes by page and line numbers, does not identify the proposed wording of the changes or additions, and he fails to lodge a redlined version of the proposed amendment indicating all changes to the prior pleading. Standing Order, B.2. Thus, Plaintiff's request should be denied.

Plaintiff's request should also be denied because amendment of the complaint is futile and the request is premature while Defendant's Motion to Dismiss the Third Amended Complaint is pending.

The Court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) *quoting Foman v. Davis*, 371 U.S. 178, 182 (1962). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003).

### A. Plaintiff's Proposed Amendments are Futile and Will Not Cure the Complaint's Deficiencies

Plaintiff's proposed amendments are futile because they do not cure the deficiencies in the complaint. Defendants' Motion to Dismiss seeks dismissal of Defendant Daniel Salt because the Court lacks personal jurisdiction over him. In support of the Motion to Dismiss, Defendant Salt declared that he is a resident of Florida, that he has worked exclusively in Florida, and that he has never lived in, visited, or been employed in California. DKT 82-2. Plaintiff seeks to amend the Complaint to add information about a LinkedIn profile which allegedly portrays Mr. Salt as an employee "under the supervision of Oscar Montoya in El Segundo, CA." DKT 89, at 2:9-12. First, the allegation does not support jurisdiction over Mr. Salt because it merely alleges that Mr. Montoya supervised Mr. Salt and that Mr. Montoya worked in California. It does not allege that Mr. Salt worked in California or has sufficient connections to California. Second, to the extent the allegation could imply that Mr. Salt worked in California, the allegation is immaterial because it contradicts Mr. Salt's affidavit. In considering jurisdiction on Defendants' Motion to Dismiss, the Court does not assume the truth of allegations contradicted by affidavit. *Mavrix Photo, Inc. v. Brand Techs., Inc.,* 647 F.3d 1218, 1223 (9th Cir. 2011). Here, Plaintiff's proposed amendment is futile because it is contradicted by Mr. Salt's affidavit and the proposed amendment is not enough to establish this Court's personal jurisdiction over Mr. Salt.

Plaintiff's proposed amendments are also futile because they do not help him state a viable cause of action. The proposed amendments add details to the allegations in the Third Amended Complaint, but they do not establish the essential elements of each cause of action that Plaintiff fails to plead and cannot plead. Fundamentally, Plaintiff's claims fail because he cannot connect his alleged harm to Defendants' conduct. He alleges that Defendants interviewed him and sent him a package as a ruse to ask Plaintiff to contact his parents about returning the package,

which caused him emotional distress. He tries to connect Defendants' actions of interviewing him, sending him a package in anticipation of his employment, and then asking for his help with returning the package to an earlier law enforcement misconduct complaint he made and retaliation and harassment he allegedly suffered because of that complaint. But Plaintiff cannot connect Defendants' actions with the law enforcement complaint or any retaliation or harassment he suffered because he cannot allege that Defendants knew about any prior actions by third parties. Nor can he connect Defendants' actions and their alleged intent to ask Plaintiff to contact his parents, because Defendants sent a package to the address Plaintiff provided as his own and Defendants did not know it belonged to his parents. If Plaintiff had provided his own actual address he would have avoided any further actions by Defendants as it would have been obvious at that point that Plaintiff was not in the United States and was not eligible for employment. Further, Plaintiff cannot allege that Defendants' actions were harassment as a matter of law. Plaintiff's proposed amendments do not cure any of these deficiencies. Thus, the amendments are futile.

Similarly, Plaintiff contends that Defendants have misstated his allegations in their Motion to Dismiss and that his proposed amendment reorganizes the allegations for clarity. DKT No. 89, p. 4. He should properly raise and argue this in his opposition to the Motion to Dismiss. A fourth amendment to the complaint is unjustified when Plaintiff has failed to sufficiently allege his claims in four prior pleadings and can clarify the order of his allegations in his opposition papers. It is a waste of the parties' and the Court's time and resources to allow additional amendments before reviewing the current complaint and considering Defendants' arguments that Plaintiff cannot state a viable cause of action with any amendments.

### B. Plaintiff Has Repeatedly Failed to Cure Deficiencies with the Amendments Previously Allowed

Plaintiff has already amended his complaint three times. DKT Nos. 14, 51, 80. Defendant's counsel met and conferred with Plaintiff about the deficiencies in

his complaint multiple times. *See* DKT No. 71, p. 2; DKT No. 82, p. 2. And before Plaintiff filed the Third Amended Complaint, Defendants filed a Motion to Dismiss the Second Amended Complaint on the same grounds as Defendants' pending Motion to Dismiss the Third Amended Complaint. DKT Nos. 71, 82. Yet Plaintiff did not make the amendments he now seeks to make.

As stated in Defendants' Motion to Dismiss the Third Amended Complaint, the deficiencies in Plaintiff's pleading cannot be cured and the proposed amendment is futile. Plaintiff will continue to amend his complaint each time Defendants file a Motion to Dismiss, but no amendment will create personal jurisdiction over Mr. Salt or enable Plaintiff to state a viable cause of action.

Defendants will suffer prejudice as Plaintiff continually delays the Court's review of his pleading by amending the complaint and will be prejudiced by having to file repeated motions to dismiss. Thus, Defendants respectfully request the Court to consider and rule on its Motion to Dismiss the Third Amended Complaint before permitting Plaintiff to make any further amendments to the complaint.

### C. Plaintiff's Leave to Amend is Premature and Unnecessary

Plaintiff's request is also premature as Defendants' Motion to Dismiss is pending. The Court can consider and rule on the Motion to Dismiss without prejudicing Plaintiff. If the Court determines that Plaintiff has not stated a viable cause of action and that no amendment will cure the deficiencies, then further amendment is futile and need not be granted. If the Court determines that Plaintiff may be able to cure deficiencies, the Court may grant the Plaintiff leave to amend the complaint at that time, and Plaintiff will be able to add the amendments he seeks. If the Court finds that Plaintiff has stated viable causes of action, no amendment will be necessary. Thus, Plaintiff's request for leave to file an amended complaint before the Court considers Defendants' pending Motion to Dismiss is premature and unnecessary. Plaintiff will suffer no harm if the Court considers

Defendants' Motion to Dismiss before allowing Plaintiff to amend the complaint once again.

Lastly, Plaintiff's request to amend his request for damages is likewise unnecessary. Plaintiff contends that he wants to amend the complaint so that he is not limited to seeking compensatory damages of $75,000, and to permit him to seek compensatory damages and punitive damages in amounts to be determined at trial. DKT No. 89, pp. 3-4. The Third Amended Complaint already prays for compensatory damages of $500,000, punitive damages of $4,000,000, and "any other appropriate relief as deemed necessary by the Court to fully redress the injuries suffered." DKT No. 80, p. 49. Even if Plaintiff wanted to seek additional relief, amendment is not necessary because all judgments other than default judgments "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." FRCP 54(c).

Accordingly, Defendants respectfully request the Court to deny Plaintiff's request for leave to file a Fourth Amended Complaint.

Dated:  January 2, 2024                                     SUGG LAW GROUP

                                                            By:       */s/ Wendy Sugg*
                                                                  Wendy Sugg
                                                                  Attorneys for Defendants
                                                                  Apex Systems, LLC, AT&T Corp.,
                                                                  DIRECTV, LLC, Mehak Delawalla,
                                                                  Kim Chu, John Goulding, Ian
                                                                  Hafkenschiel and Daniel Salt