Wendy Sugg (SBN 223335)
Sugg Law Group, a Professional Corporation
384 Forest Ave., Suite 15
Laguna Beach, CA 92651
Telephone:(949) 260-9548
Email: wendy@sugglaw.com

Attorneys for Defendants
Apex Systems, LLC, AT&T Corp.,
DIRECTV, LLC, Mehak Delawalla,
Kim Chu, John Goulding, Ian
Hafkenschiel and Daniel Salt

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Russell J Terry<br><br>Plaintiff,<br><br>v.<br><br>Apex Systems, Inc., AT&T, DirectTV, Mehak Delawalla, Kim Chu, John Goulding, Oscar Montoya, Ian Hafkenschiel, Daniel Salt<br><br>Defendants. | Case No. 2:23-cv-07707-FMO-JC<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6)**<br><br>DATE: January 18, 2024<br>TIME: 10:00 a.m.<br>JUDGE: Hon. Fernando M. Olguin<br>CTRM: 6D |

TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1

II. THE COURT LACKS PERSONAL JURISDICTION OVER MR. SALT .......... 2

III. PLAINTIFF FAILS TO STATE VIABLE CLAIMS FOR RELIEF .......... 3

A. Plaintiff Fails to State a Claim for Fraud .......... 3

1. Defendants' Representations Were Not False .......... 3

2. Plaintiff Does Not Plead Justifiable Reliance .......... 5

3. There is No Causal Connection Between the Intent and the Harm .......... 5

B. Plaintiff Fails to Plead Intentional Infliction of Emotional Distress .......... 6

C. The Claim for Negligent Infliction of Emotional Distress Fails .......... 7

D. Plaintiff Fails to State a Claim for Stalking .......... 8

E. Plaintiff Fails to State a Claim for Intrusion in Private Affairs .......... 9

F. Plaintiff's Derivative Claims Fail .......... 10

IV. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 3

*Calder v. Jones*,
465 U.S. 783 (1984) ........ 2

*Choate v. County of Orange*,
86 Cal. App. 4th 312 (2000) ........ 10

*Christensen v. Superior Court*,
54 Cal. 3d 868 (1991) ........ 6, 7

*Hill v. National Collegiate Athletic Assn.*,
7 Cal. 4th 1 (1994) ........ 9

*Keeton v. Hustler Magazine, Inc.*,
465 U.S. 770 (1984) ........ 2

*Kidron v. Movie Acquisition Corp.*,
40 Cal. App. 4th 1571 (1995) ........ 10

*Kruse v. Bank of America*,
202 Cal. App. 3d 38, 60 (1988) ........ 5

*Mattel, Inc. v. Greiner & Hausser GmbH*,
354 F.3d 857 (9th Cir. 2003) ........ 2

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
647 F.3d 1218 (9th Cir. 2011) ........ 2

*Mezger v. Bick*,
66 Cal. App. 5th 76 (2021) ........ 10

*People v. Pearson*,
169 Cal. App. 3d 319 (1985) ........ 7, 10

*Persson v. Smart Inventions*,
125 Cal. App. 4th 1141 (2005) ........ 5

*Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965 (1993) .......... 7

*Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167 (2003) .......... 5

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) .......... 3

*Thunder Studios, Inc. v. Kazal*, 13 F.4th 736 (9th Cir. 2021) .......... 9

*Trerice v. Blue Cross of California*, 209 Cal. App. 3d 878 (1989) .......... 7

**Statutes**

Cal. Civ. Code § 1708.7(a)(1) .......... 8

Cal. Civ. Code § 1708.7(b)(2) .......... 8

## I. INTRODUCTION

There is no basis for Plaintiff to proceed with this case. In his opposition, Plaintiff underscores the conclusive nature of his claims – he lacks any factual basis for his conclusion that the interview process was a ruse to get him to contact his parents and his allegations rest on a wild claim of collusion between Defendants and unnamed third parties. After several opportunities to amend his complaint without any success in pleading a viable claim for relief, Plaintiff's request for another amendment is futile and his claims should be dismissed with prejudice.

Each claim in the Third Amended Complaint is based on Plaintiff's decision to provide his parents' address rather than his own during the interview process for a remote job. Had Plaintiff correctly identified his residence as being in Brazil, Defendants' "scheme" to purportedly get him to contact his parents would have been a failure. This fact alone makes his conspiracy allegations baseless and means that Plaintiff has no grounds for relief.

Moreover, Plaintiff's opposition also fails to provide a basis for the Court to have personal jurisdiction over Defendant Daniel Salt. Mr. Salt has declared under oath that he was not working in California and was, at all times relevant to this action, in Florida. Though Plaintiff opposes the Motion by stating that Mr. Salt's statements are false, he provides no basis for such allegations and cannot meet his burden of proof to establish personal jurisdiction.

As with Plaintiff's prior conspiracy and emotional distress claims against government entities, these claims are without merit and should be dismissed.

## II. THE COURT LACKS PERSONAL JURISDICTION OVER MR. SALT

Plaintiff has not, and cannot, meet his burden of showing that Mr. Salt has sufficient contacts with California to maintain jurisdiction over him. Mr. Salt declared that he has been a resident of Florida since July 2019, he has worked exclusively in Florida during his employment with Defendant Apex Systems, LLC, he participated in Plaintiff's interview remotely from Florida, and he has never lived

in, visited, or been employed in California. Salt Decl. ¶¶ 1-6. Mr. Salt's affidavit prevails over the Complaint's contradictory allegations. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

Plaintiff argues that the Court has jurisdiction over Mr. Salt because Mr. Salt worked for a California company. Opposition to Motion to Dismiss ("Opp.") at 4:19-20 (stating that Mr. Salt "does not deny being employed by a California Company"). But the law is clear that personal jurisdiction over a corporation does not necessarily create personal jurisdiction over the corporation's employees. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984). "Each defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984).

Plaintiff next argues that Mr. Salt has sufficient contacts with California claiming he "gave a deceitful interview to the Plaintiff regarding an AT&T position" Plaintiff falsely claims was in El Segundo, California. Opp at 5:8-15; *cf.* TAC ¶¶ 33, 56, Ex. B (identifying position as remote). He also argues personal jurisdiction exists because Mr. Salt's supervisor purportedly worked in California, Mr. Salt allegedly misrepresented himself as an AT&T employee, and the offer letter Plaintiff received lists a California address. Opp. at 4:20-23, 5:8-15. These facts are insufficient to establish personal jurisdiction over Mr. Salt. Plaintiff has not, and cannot, show that Mr. Salt (1) performed any acts in California or purposefully availed himself of the privileges of conducting activities in the state, (2) that the claim arises out of any of Mr. Salt's forum-related activities, because Mr. Salt has no forum-related activities, or (3) that the exercise of jurisdiction in California is reasonable. Thus, the Court lacks jurisdiction over Mr. Salt. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 863 (9th Cir. 2003).

## III. PLAINTIFF FAILS TO STATE VIABLE CLAIMS FOR RELIEF

Plaintiff opposes the Motion by arguing that Defendants intentionally misrepresent his allegations. *See e.g.*, Opp. at 1:1-5, 5:21-23. To the contrary,

Defendants' Motion is based on the Complaint's allegations, taking into account the exhibits and documents judicially noticed, and without accepting Plaintiff's unwarranted and unreasonable inferences of conspiracy and persecution.

On a motion to dismiss, the Court "need not [] accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001) (citation omitted), *amended on other grounds*, 275 F.3d 1187 (9th Cir.2001). A motion to dismiss should be granted where the plaintiff has not "nudged their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**A. Plaintiff Fails to State a Claim for Fraud**

1. Defendants' Representations Were Not False

Defendants summarized and grouped Plaintiff's allegations of intentional misrepresentation into three categories of alleged misrepresentations: (1) Defendants intentionally misrepresented that they were interviewing him for a job position (TAC ¶¶ 105, 108, 111, 150); (2) Defendants intentionally misrepresented that Plaintiff was offered the position (TAC ¶¶ 124, 126, 132, 150); and (3) Defendants intentionally misrepresented that they shipped a laptop to the address he provided and needed help with its return (TAC ¶¶ 140, 150). Each alleged misrepresentation is based on unreasonable inferences and conclusory allegations. The Complaint and its exhibits show that Defendants did not make any misrepresentations.

For example, Plaintiff alleges that Defendant Delawalla intentionally misrepresented the job position and its requirements to Plaintiff. TAC ¶¶ 108, 150. To support this allegation, Plaintiff contends that the job description, requirements, and proficiencies changed throughout the interview process. TAC ¶¶ 34-36, 43-54. These facts do not support the conclusion that the initial job description was misrepresented or false or that he did not realize those changes as they occurred.

Plaintiff makes various other allegations attempting to support his conclusion that Defendants intentionally misrepresented the job, but they cannot be accepted as true. For example, Plaintiff alleges that Apex, "a services firm that hires temporary employees to provide services to its clients, thoroughly knows all of the required skills and details of the job opportunities they presented to potential employees." TAC ¶ 105. This contention is unsupported, and it is insufficient to infer that job requirements and descriptions do not change or evolve. He also assumes that Mr. Salt's and Mr. Hafkenschiel's LinkedIn profiles accurately list the technologies used in the *specific* job he interviewed for, without providing any basis for that assumption. TAC ¶ 106.

Plaintiff's conclusory allegations and unwarranted inferences are also contradicted by other allegations and the exhibits to the Complaint. For example, Plaintiff contends the job position was intentionally misrepresented and the interview process was fraudulent because Kotlin and Object C programming languages were not included in the initial job description, even though Exhibit C shows that he was asked to show proficiency in them during the interview process. TAC ¶¶ 34-36, 43-53, 112, Ex. C. The test Plaintiff completed includes a "bonus" request for programming in Kotlin or Objective C. TAC, Ex. C. Thus, Plaintiff's conclusory allegations that Defendants' request to show proficiency in these programming languages show "lack of genuine intent to assess his qualifications and reveal a pattern of manipulation and deception during the interview process" are contradicted by the Complaint's exhibits. TAC ¶ 98, Ex. C.

The Complaint's allegations and its exhibits demonstrate that Defendants' representations that they were interviewing Plaintiff for a job, they were offering him the job, and that they shipped a package to the address he provided and needed help with its return were true.

2. Plaintiff Does Not Plead Justifiable Reliance

Further, Plaintiff cannot plead actual reliance on Defendant's allegedly false statements of shipping a laptop and needing help with its return, because Plaintiff alleged that he knew the statements were false. TAC ¶¶ 64, 66, 69 ("Plaintiff understood that he had been set up over the previous three weeks"). Plaintiff does not, and cannot, argue against this because his allegations are clear. Opp. at 10:23-28; TAC ¶¶ 64, 66, 69. Defendants' Motion did not "intentionally exclude" Plaintiff's allegations that he participated in the interview process believing that he was a viable candidate for the position; it did not dispute them. *See* Opp. at 10:9-17. However, any reliance and participation in the interview process does not support fraud where there is no intentional misrepresentation and no resulting harm.

3. There is No Causal Connection Between the Intent and the Harm

Plaintiff has not demonstrated facts supporting a causal connection between the alleged fraud and any harm. A "complete causal relationship between the fraud or deceit and the plaintiff's damages is required." *Small v. Fritz Companies, Inc*., 30 Cal. 4th 167, 202 (2003) (citations and quotations omitted). "Assuming, arguendo, a claimant's reliance on the actionable misrepresentation, no liability attaches if the damages sustained were otherwise inevitable or due to unrelated causes." *Kruse v. Bank of America*, 202 Cal. App. 3d 38, 60 (1988). There is no liability for damages caused by extrinsic factors other than the alleged fraud. *See Persson v. Smart Inventions,* 125 Cal. App. 4th 1141, 1166 (2005).

Plaintiff's allegation that he was excited about prospective employment and that he spent time and effort engaging in an interview process is insufficient to support damages for fraud. Plaintiff alleges he suffered emotional distress because Defendants defrauded him about a job opportunity as a means to harass him. But the Complaint does not contain specific facts supporting the conclusion that Defendants defrauded him or intended to harass him. It would also require Defendants to be aware of numerous facts, including the facts that Plaintiff provided his parents'

address and Plaintiff believed contacting his parents would result in their harassment. But the Complaint does not allege Defendants had that knowledge.

To the extent Plaintiff suffered any harm from Defendants' conduct, the harm was caused by Plaintiff's own actions and his undisclosed fear of contacting his parents, a factor extrinsic and unrelated to Defendants' actions. And such fear is contradicted by his own action of providing his parents' address as his residence. As a result, Plaintiff cannot establish a causal connection between the alleged misrepresentations, an intent to deceive, and any harm.

**B. Plaintiff Fails to Plead Intentional Infliction of Emotional Distress**

Plaintiff's Opposition does not provide any basis for him to proceed with his claim for intentional infliction of emotional distress. He does not identify any factual allegation that Defendants engaged in extreme or outrageous conduct that exceeds all bounds of conduct tolerated in a civilized community. *See Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991). The alleged conduct – interviewing Plaintiff for a position, offering him the job, mailing a computer, and asking for his help in returning the shipment – is neither extreme nor outrageous.

Plaintiff contends that Defendants made "Plaintiff think he was close to securing a job, only then to put him in a situation of fear for his parents' safety and well-being, as well as his ability to pursue employment," presenting allegedly deceptive paperwork regarding the job offer, and intentionally harassing Plaintiff and his mother. TAC ¶¶ 175, 176. That circumstance, even if true, came about only because Plaintiff provided his parents' address as his own; without this there would have been no reason to contact them to arrange for a return of the computer.

Plaintiff also argues in opposition that he did not misrepresent his parents' address as his own, pointing to the heading of email attached as Exhibit K to the Complaint, which reads "Address for Contract." *E.g.*, Opp. at 12:21-23. The email, however, reads, "Please send me *your* address for the contract!" TAC, Ex. K (emphasis added). He further argues the Ms. Delawalla knew he was in Brazil one

week before the laptop was shipped. Opp. at 12:18-21. But in another email, Plaintiff indicated to Ms. Delawalla that he would return to the US, stating "Ok, let me see how soon I can get back." Request for Judicial Notice ("RJN"), Ex. C; *see also* TAC ¶ 56. Nevertheless, even if Defendants knew Plaintiff was not at the address he provided at that time, shipping a package to that address is not extreme or outrageous conduct. *See Christensen*, 54 Cal. 3d at 903.

Moreover, Defendants' alleged conduct was not the actual and proximate cause of Plaintiff's severe emotional distress. *Trerice v. Blue Cross of California*, 209 Cal. App. 3d 878, 883 (1989). He has also claimed the FBI caused the same emotional distress he alleges here. *See* RJN, Ex. A at p. 7; TAC ¶¶ 153-171. The claim therefore cannot proceed because Defendants' actions were neither extreme nor outrageous, were not intended to inflict injury, and contradict Plaintiff's allegations that governmental agencies caused his alleged injuries. To the extent he suffered emotional distress, it was caused by his provision of his parents' address.

**C. The Claim for Negligent Infliction of Emotional Distress Fails**

Similarly, Plaintiff fails to state a claim for negligent infliction of emotional distress because he fails to identify any duty Defendants breached. *See Potter v. Firestone Tire & Rubber Co*., 6 Cal. 4th 965, 984 (1993). Despite Plaintiff's claim, there is no actionable duty to conduct a hiring process "professionally," Plaintiff voluntarily provided the address, and "a person has no legitimate expectation of privacy in information voluntarily disclosed." *People v. Pearson*, 169 Cal. App. 3d 319, 323 (1985).

In his opposition, Plaintiff argues that Defendants violated different legal requirements (without citation to any support), such as failing "to provide access to the Apex Systems client portal, which is a necessary step to complying with federal and state employment policies" such as the Fair Credit Reporting Act for background checks and provision of I-9 forms. Opp. at 14:0-16; TAC ¶ 260. Plaintiff's argument is based on unwarranted assumptions and inferences.

Employers can provide required employment documents through any means. There was no requirement that Plaintiff receive an I-9 form through an online portal and it does not signify breach of any law or legal duty to Plaintiff.

**D. Plaintiff Fails to State a Claim for Stalking**

To establish a claim of stalking, Plaintiff must show "The *defendant* engaged in a pattern of conduct the intent of which was to follow, alarm, place under surveillance, or harass the plaintiff." Cal. Civ. Code § 1708.7(a)(1) (emphasis added). Plaintiff seeks to state a claim against Defendants for being "part of a credible threat" and for "contributing to a patten of behavior threatening the Plaintiff and his family's safety" that he allegedly suffered because of a prior law enforcement misconduct complaint. Opp. at 16:17-22. He contends both that the overall pattern of stalking is "established through prior *unrelated* incidents of harassment and violence, [which] was arguably perpetuated by Defendants' actions" and that Defendants' actions were related to the law enforcement misconduct harassment. *See* Opp. at 16:8-11 (emphasis added); Opp. at 15:24; TAC ¶ 219.

Plaintiff argues that the pattern of conduct prohibited by Cal. Civil Code section 1708.7 can include actions of third parties. The statute provides that a defendant may be liable when the defendant makes a credible threat "directly, indirectly, or through third parties" and meets all the other requirements of the claim. Cal. Civ. Code § 1708.7(b)(2). Plaintiff's opposition describes Defendants' actions as "part of a credible threat" and contributing to an overall pattern of violence. Opp. at 16:17-22. Essentially, he characterizes Defendants as the third parties through whom a threat was indirectly communicated, ostensibly on behalf of some unnamed person or entity. But the Complaint merely alleges that Defendants shipped a laptop to him, at the address he provided, and asked for his help with coordinating its return. TAC ¶¶ 217-220. There is no allegation of a threat.

Even if Defendants' communications could create a "pattern of conduct" falling within the statute, Plaintiff made no demand to Defendants to cease

communications or stop the alleged conduct. Plaintiff's opposition argues that he clearly demanding Defendants' behavior stop when he "submitted several complaints to the FBI, DOJ and testified in court regarding the stalking and retaliation." Opp. at 16:24-17:3. His communications to unrelated third parties cannot satisfy his obligation. With respect to Defendants, Plaintiff alleges that he "explicitly informed Mehak he would seek job opportunities within his skill set, shown in [] Exhibit F." TAC ¶ 228. Exhibit F reads: "If you come across any React, React-Native and or Node.js opportunities. Please let me know." TAC ¶ 228, Ex. F. This cannot be construed as a request to cease communication or stop any conduct.

This claim also fails because there is little to no conduct alleged in California. Plaintiff was in Brazil and his parents' home was in Arizona, with the connection to California that some of the individual Defendants were allegedly employed in California when they contacted Plaintiff about the position and retrieving the package sent to him. *See* TAC ¶¶ 4, 5, 8, 14, 211-212, 218, 220. This is insufficient conduct in California. *Thunder Studios, Inc. v. Kazal* (9th Cir. 2021) 13 F.4th 736, 743, cert. denied sub nom. Defendants made no threats, took no actions that would create a credible threat, and he did not request Defendants to stop their conduct.

**E. Plaintiff Fails to State a Claim for Intrusion in Private Affairs**

"Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Hill v. National Collegiate Athletic Assn.*, 7 Cal. 4th 1, 37 (1994). The impact on the plaintiff's privacy rights must be more than "slight or trivial." *Id.* Plaintiff must plead a legally protected privacy interest, a reasonable expectation of privacy, and a highly offensive invasion of privacy. *Id.*

Plaintiff fails to allege that he has a privacy interest in the address, which was not his. He does not allege that he took any action to keep the information private or out of the public record. In fact, Plaintiff included the address multiple times in his action, which is a matter of public record. RJN Exs. D, E. Further, the Complaint

does not allege that Defendants did anything with Plaintiff's social security number or that he suffered any harm from its disclosure.

Further, Plaintiff did not have a reasonable expectation in the privacy of the address because he voluntarily disclosed the address to them when they asked for it. TAC ¶ 54; *Pearson*, 169 Cal. App. 3d 319, 323. Defendants did not wrongfully or intrusively obtain the information and did not obtain the information in highly offensive manner. *Mezger v. Bick*, 66 Cal. App. 5th 76, 86 (2021).

**F. Plaintiff's Derivative Claims Fail**

Plaintiff's causes of action for conspiracy and vicarious liability both fail because Plaintiff cannot maintain the underlying causes of action. *See Kidron v. Movie Acquisition Corp*., 40 Cal. App. 4th 1571, 1581(1995). Plaintiff points to several actions he contends Defendants took, such as creating a deceptive LinkedIn profile, conducting a deceptive interview, creating false hiring documents, and obtaining Plaintiff's address "in a non-business manner." Opp. at 19:19-20:2. These allegations are not facts; they are unwarranted conclusions and inferences. Further, the acts alone – even if true – do not satisfy the requirement that "each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common and unlawful plan" and that the conspirators agreed to achieve it. *Choate v. County of Orange*, 86 Cal. App. 4th 312, 333 (2000).

## IV. CONCLUSION

Plaintiff's allegations cannot support any viable claim for relief. His belief that the interview process was intended to get him to contact his parents is not supported by facts and is predicated on the unfounded suspicion that Defendants were working with unknown third parties to harass or retaliate against Plaintiff for law enforcement complaints which he does not allege they knew of. Plaintiff cannot transform his speculations into viable claims against Defendants, and there is no possibility that Plaintiff can amend the Complaint to do so. Plaintiff has already

amended the Complaint three times and further amendment is futile. Accordingly, Defendants respectfully request the Court to dismiss this action with prejudice.

Dated: January 4, 2024

SUGG LAW GROUP

By: *\/s\/ Wendy Sugg*
Wendy Sugg
Attorneys for Defendants
Apex Systems, Inc., AT&T Corp., DirecTV, LLC, Mehak Delawalla, Kim Chu, John Goulding, Ian Hafkenschiel and Daniel Salt

The undersigned, counsel of record for Defendants, certifies that this brief contains 3,357 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 4, 2024

SUGG LAW GROUP

By: *"/s/ Wendy Sugg*

Wendy Sugg
Attorneys for Defendants
Apex Systems, LLC, AT&T Corp., DIRECTV, LLC, Mehak Delawalla, Kim Chu, John Goulding, Ian Hafkenschiel and Daniel Salt