UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7707-FMO (JCx) | Date | April 5, 2024 |
|---|---|---|---|
| Title | Russell J. Terry v. Apex Systems, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Re: Motion to Dismiss [82]

Having reviewed and considered all the briefing filed with respect to Apex Systems, LLC's, Mehak Delawalla's, Kim Chu's, AT&T Corp.'s, DirectTV LLC's, Oscar Montoya's, Ian Hafkenschiel's, Daniel Salt's, and John Goulding's (collectively, "defendants") Motion to Dismiss the Third Amended Complaint (Dkt. 82, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

### BACKGROUND[1]

Pro se plaintiff Russell J. Terry's ("plaintiff") Third Amended Complaint (Dkt. 80, "TAC") asserts the following causes of action against all defendants: (1) fraud, (see id. at ¶¶ 102-71); (2) intentional infliction of emotional distress, (see id. at ¶¶ 172-81); (3) conspiracy to commit fraud and intentional infliction of emotional distress, (see id. at ¶¶ 182-204); (4) stalking, in violation of California Civil Code § 1708.7, (see id. at ¶¶ 205-31); (5) intrusion into private affairs, (see id. at ¶¶ 232-44); (6) vicarious liability, (see id. at ¶¶ 245-54); and (7) negligent infliction of emotional distress. (See id. at ¶¶ 255-63).

Plaintiff's claims are rooted in a theory that defendants participated in a scheme by which they interviewed and hired him for a fake job and lied about sending him a laptop to the address plaintiff provided (which he acknowledges was his parents' address) – all in an effort to harass him by convincing him to call his mother. (See Dkt. 80, TAC at ¶¶ 105-50). Plaintiff also alleges that this scheme is connected to "similar acts [that] were reported to the FBI, Department of Justice (DOJ), US Consulate and police." (Id. at ¶ 207). According to plaintiff, he "stopped communicating with his family because he noticed them being harassed after he submitted tips to the FBI of FBI misconduct. Since then, he was sent fraudulent emails attempting to get him to contact his parents. The week after he testified of FBI misconduct the Defendants subjected him

---

[1] Because the parties are familiar with the facts of the case, the court repeats them only as necessary.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7707-FMO (JCx) | Date | April 5, 2024 |
|---|---|---|---|
| Title | Russell J. Terry v. Apex Systems, Inc., et al. | | |

to a coordinated campaign of intentional misrepresentation." (Id. at ¶ 1). Plaintiff also alleges that defendants' conduct was connected to an incident on May 20, 2021, when he "was drugged and robbed in his apartment, only [his] electronic devices were stolen, and an email erased. [His] money and other items of value were not targeted." (Id. at ¶ 26). According to plaintiff, "the robbery was retaliation for submitting the complaint to the DOJ and to destroy evidence." (Id.).

With the instant Motion, defendants seek to dismiss the TAC in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).[2] (See Dkt. 82, Motion at 1-2).

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face."[3] Bell Atl. Corp. v. Twombly (Twombly), 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; Cook, 637 F.3d at 1004; Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; see also Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations and internal quotation marks omitted), "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (per curiam) (citations and internal quotation marks omitted); Twombly, 550 U.S. at 555, 127 S.Ct. at 1964.

In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 93-94, 127 S.Ct. at 2200; Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807, 810 (1994) (plurality opinion), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849 (1969); see Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir.

---

[2] Unless otherwise indicated, all further "rule" references refer to the Federal Rules of Civil Procedure.

[3] Because the court grants defendants' Motion pursuant to Rule 12(b)(6), see infra, it is unnecessary to consider their arguments under Rule 12(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7707-FMO (JCx) | Date | **April 5, 2024** |
|---|---|---|---|
| Title | **Russell J. Terry v. Apex Systems, Inc., et al.** | | |

2008) ("Pro se complaints are to be construed liberally[.]") (internal quotation marks omitted); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984), abrogated on other grounds by, 109 S.Ct. 1827 (1989).

**DISCUSSION**

As an initial matter, the court notes that the allegations set forth in the TAC range from far fetched to wholly incredible. In other words, they are "so attenuated and unsubstantial as to be absolutely devoid of merit[.]" Hagans v. Lavine, 415 U.S. 528, 536, 94 S.Ct. 1372, 1379 (1974) (internal quotation marks omitted). As a result, although the court will evaluate the TAC under Rule 12(b)(6), dismissal is also warranted on the ground that the TAC is frivolous and wholly devoid of merit. See Neitzke v. Williams, 490 U.S. 319, 327 n. 6, 109 S.Ct. 1827, 1832 n. 6 (1989) ("A patently insubstantial complaint may be dismissed . . . for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."); 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (providing that "[n]otwithstanding any filing fee . . . that may have been paid," a "court shall dismiss" a pro se complaint "at any time if the court determines that . . . the action . . . is frivolous or malicious" or "fails to state a claim on which relief may be granted"); Denton v. Hernandez, 504 U.S. 25, 33, 112 S.Ct. 1728, 1733 (1992) (A pleading is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."); see, e.g., Smith v. Shariat, 2014 WL 2747496, *8 (E.D. Cal. 2014), report and recommendation adopted, 2014 WL 4230899 (E.D. Cal. 2014), aff'd, 671 F.Appx. 667 (9th Cir. 2016) (finding that dismissal was warranted where the allegations were "so bizarre as to be entirely implausible"); Ezike v. Na. R.R. Passenger Corp., 2009 WL 247838, *1-3 (7th Cir. 2009) (remanding for dismissal of complaint alleging that plaintiff was the victim of a conspiracy involving various employers, the teamsters, people of Indian descent, Amtrak police, and armed secret agents); Russell Terry v. Federal Bureau of Investigations, et al., Case No. CV 23-2548, Dkt. 11, Court's Order of September 12, 2023, at 2-3 (D.D.C. 2023) (sua sponte dismissal where plaintiff's claims, many of which overlap with the allegations in the instant case, were "fundamentally fanciful").

I.      WHETHER PLAINTIFF HAS ADEQUATELY ALLEGED INTENT.

Plaintiff's claims for fraud, intentional infliction of emotional distress, and stalking all involve an intent element. See Lazar v. Superior Ct., 12 Cal.4th 631, 638 (1996) (under California law, "[t]he elements of fraud . . . [include] (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); [and] (c) intent to defraud, i.e., to induce reliance") (internal quotation marks omitted); Conley v. Roman Catholic Archbishop of San Francisco, 85 Cal.App.4th 1126, 1133 (2000) ("The elements of a prima facie case of intentional infliction of emotional distress . . . [include] extreme and outrageous conduct by the defendant with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7707-FMO (JCx) | Date | **April 5, 2024** |
|---|---|---|---|
| Title | **Russell J. Terry v. Apex Systems, Inc., et al.** | | |

the intent to cause, or reckless disregard for the probability of causing, emotional distress[.]"); Cal. Civ. Code § 1708.7(a)(1) (stalking involves "engag[ing] in a pattern of conduct the intent of which was to follow, alarm, place under surveillance, or harass the plaintiff").

Plaintiff's causes of action revolve around a theory that defendants made various misrepresentations about whether they were considering him for a job. For example, plaintiff alleges that defendants intentionally misrepresented "[1] the React Native position . . . [2] that they were interviewing Plaintiff for the React Native position . . . [3] the legitimacy of the hiring process . . . [4] that John Goulding shipped a laptop for the React Native position to the Plaintiff's parent's home . . . [and (5) that] they were unable to communicate with the Plaintiff's mother and needed him to call her." (Dkt. 80, TAC at ¶ 150). However, these allegations are contradicted elsewhere in the TAC. For example, with respect to the first three alleged misrepresentations, (see id.), plaintiff also alleges that he did, in fact, receive a job offer, (see id. at ¶ 55, Exh. L), and that he was contacted about a possible start date. (See id. at ¶ 61, Exhs. O, P). With respect to the fourth alleged misrepresentation, plaintiff's TAC includes the tracking number for the laptop, as well as communications with defendants about the laptop. (See id. at ¶¶ 62-64, Exhs. P, Q). Further, the allegations regarding his parents show that plaintiff gave defendants his parents' address – not his own – and then, after defendants sent the laptop to the address plaintiff gave them, defendants needed his help in contacting his parents to have the laptop returned. (See id. at ¶¶ 54-65). In short, plaintiff's allegations in support of his claims for fraud, intentional infliction of emotional distress, and stalking – all of which turn on whether he adequately alleged that the above statements were untrue and made for the purpose of harassing him, (see id. at ¶¶ 150, 174, 201, 211-21) – are insufficient to state a claim.

II. WHETHER DEFENDANT HAS ADEQUATELY ALLEGED HARM.

Plaintiff's claims for intentional infliction of emotional distress,[4] stalking, and intrusion all require allegations that a reasonable person in plaintiff's position would have suffered an unusually high degree of harm as a result of defendants' conduct. See Conley, 85 Cal.App.4th at 1133 ("The elements of a prima facie case of intentional infliction of emotional distress . . . [include] suffering of severe or extreme emotional distress by the plaintiff; and . . . the plaintiff's emotional distress is actually and proximately the result of defendant's outrageous conduct."); Cal. Civ. Code §§ 1708.7(a)(2)(A), (B) (for stalking, the pattern of conduct must lead the plaintiff either to "reasonably fear" for his own safety or that of an immediate family member, or to "suffer substantial emotional distress" when a reasonable person would also suffer substantial emotional distress); Mezger v. Bick, 66 Cal.App.5th 76, 86 (2021) ("The elements of a common law invasion of privacy claim are intrusion into a private place, conversation, or matter, in a manner highly offensive to a reasonable person."). The gravamen of the harm that plaintiff alleges is that defendants participated in a

---

[4] Plaintiff also asserts a claim for "Negligent Infliction of Emotional Distress[.]" (See Dkt. 80, TAC at ¶¶ 255-63). However, "there is no independent tort of negligent infliction of emotional distress." Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 984 (1993).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7707-FMO (JCx) | Date | April 5, 2024 |
|---|---|---|---|
| Title | Russell J. Terry v. Apex Systems, Inc., et al. | | |

scheme to trick him into thinking that he had been offered a job and sent a laptop, but in reality set out to "create[] a panic to have the laptop returned, pressuring the Plaintiff to contact his parents." (Dkt. 80, TAC at 190). Plaintiff alleges that he "continues to live in fear of contacting his family, fearing that any communication may lead to further harassment[.]" (Id. at ¶ 181).

As above, see supra at § I., the substance of plaintiff's TAC contradicts his conclusory allegations that he was subject to "harassment" or misled in any way. (See Dkt. 80, TAC at ¶ 159). However, even if the TAC plausibly alleged that defendants pretended to interview him so that they could send his parents a laptop to trick him into contacting his parents, that would not constitute "outrageous conduct[,]" Conley, 85 Cal.App.4th at 1133, cause a reasonable person to fear for their safety, see Cal. Civ. Code §§ 1708.7(a)(2)(A), (B), or prove "highly offensive to a reasonable person." Mezger, 66 Cal.App.5th at 86; see Crouch v. Trinity Christian Ctr. of Santa Ana, Inc., 39 Cal.App.5th 995, 1007 (2019) ("A defendant's conduct is considered to be outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community.") (internal quotation marks omitted).[5]

III.  LEAVE TO AMEND.

Rule 15 of the Federal Rules of Civil Procedure provides that the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (The policy favoring amendment must "be applied with extreme liberality."). Further, "the rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant." Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (internal quotation marks omitted). However, "[i]t is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 802 (1971).

Here, plaintiff has already had the opportunity to file four iterations of his complaint. (See Dkt. 1, Complaint); (Dkt. 14, Amended Complaint); (Dkt. 51, Second Amended Complaint); (Dkt. 80, TAC). Notably, the operative TAC was filed after defendants filed a Motion to Dismiss Second Amended Complaint (Dkt. 71), which in many respects was identical to the instant Motion.[6] (See

---

[5] Because the court dismisses plaintiff's claims for intentional infliction of emotional distress, negligent infliction of emotional distress, stalking, and intrusion, it will also dismiss his derivative claims for conspiracy and vicarious liability. See Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal.4th 503, 511 (1994) (a civil conspiracy "must be activated by the commission of an actual tort"); Dyer v. Northbrook Property & Casualty Ins. Co., 210 Cal.App.3d 1540, 1553 (1989) ("[W]here no underlying cause of action exists, no vicarious liability can exist either.").

[6] Indeed, plaintiff notes as much in an email he filed with the court. (See Dkt. 92, Declaration of Russell Terry in Support Motion [sic] in Opposition of Defendants' Motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7707-FMO (JCx) | Date | **April 5, 2024** |
|---|---|---|---|
| Title | **Russell J. Terry v. Apex Systems, Inc., et al.** | | |

Dkt. 82, Motion).  Thus, having liberally construed and assumed the truth of the allegations in the TAC, the court is persuaded that plaintiff's claims cannot be saved through amendment.  See Lopez, 203 F.3d at 1129 ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").  Accordingly, plaintiff's TAC will be dismissed without leave to amend.

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1. Defendants' Motion **(Document No. 82)** is **granted**.

2. Plaintiff's TAC **(Document No. 80)** is dismissed without leave to amend.

3. Plaintiff's Request for Leave to File Fourth Amended Complaint **(Dkt. 89)** is **denied**.

4. Any other pending motion or request is denied as moot.

5. Judgment shall be entered accordingly.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

Dismiss, Exh. 1 at 1) ("Mrs. Sugg, It appears your memorandum of points and authorities is nearly identical to the previous one you made.").